# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 31, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| SHANELLE MATTUS-LANG, | * | No. 15-113V |
| *as Parent and Legal Representative* | * | |
| *of Her Minor Son*, D.J.W., | * | |
| | * | |
| Petitioner, | * | Special Master Sanders |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Decision; Interim Attorneys' Fees and |
| AND HUMAN SERVICES, | * | Costs; Reduction of Billable Hours |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

*Elizabeth M. Muldowney*, Sands Anderson PC, Richmond, VA, for Petitioner.
*Camille M. Collett*, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On July 12, 2019, Shanelle Mattus-Lang ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting **$39,254.29** for her counsel, Ms. Elizabeth Muldowney, for work performed while Ms. Muldowney was employed at the Rawls Law Group. Pet'r's Mot. Int. Att'ys' Fees & Costs at 1–2, ECF No. 88 [hereinafter Pet'r's Mot. for IAFC]. On July 19, 2019, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 90. Petitioner did not file a reply. For the reasons stated below, I will award interim attorneys' fees and costs for Petitioner's counsel at this time.

### I.     Procedural History

On February 4, 2015, Petitioner filed a petition as parent and legal representative of D.J.W. pursuant to the National Vaccine Injury Compensation Program ("Program" or "Vaccine Program").[2] This case was originally assigned to Special Master Dorsey. *See* Notice of Assign.,

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program").

1

ECF No. 4. Over the next three months, Petitioner filed twenty exhibits in support of her petition. *See* Notice of Intent to File on CD, ECF No. 5; Pet'r's Exs. 12–20, ECF Nos. 9-1–9-4, 14-1–14-5. Petitioner filed a statement of completion on May 20, 2015. ECF No. 15.

On July 22, 2015, Respondent filed a Rule 4(c) report in which he argued that this case should be dismissed. Resp't's Report at 2, ECF No. 18. Thereafter, Petitioner filed an expert report authored by Yuval Shafrir, M.D., via compact disk on December 29, 2015. *See* Notice of Intent to File on CD, ECF No. 28. On June 1, 2016, Respondent filed a responsive expert report authored by Gregory L. Holmes, M.D. Resp't's Ex. A, ECF No. 32-1. Petitioner filed a supplemental expert report by Dr. Shafrir via compact disk on October 24, 2016. *See* Notice of Intent to File on CD, ECF No. 34. Respondent filed a responsive supplemental expert report by Dr. Holmes on January 30, 2017. Resp't's Ex. C, ECF No. 36-1.

This case was reassigned to me on June 20, 2017. *See* Not. of Reassign., ECF No. 41. On August 17, 2017, I scheduled an entitlement hearing for October 4–5, 2018, in San Francisco, California. ECF No. 45. I held an entitlement hearing with the parties on those dates. *See* Min. Entry, docketed Oct. 9, 2018. At the close of the hearing, the parties discussed post-hearing submissions and agreed that the results of D.J.W.'s developmental evaluation would be filed with the Court. *See* Sched. Order at 1, ECF No. 75. I gave Petitioner a deadline of December 17, 2018, to file said records. *Id.*

After rescheduling D.J.W.'s initial appointment, *see* ECF No. 81 at 1, and D.J.W. underwent a developmental evaluation on January 10, 2019, *see* ECF No. 82 at 1. At that appointment, D.J.W. was referred for additional testing, which Petitioner scheduled for May of 2019. *See id.* While D.J.W. underwent a final evaluation on May 22, 2019, Petitioner experienced numerous delays in obtaining records from that visit. *See* ECF Nos. 86–87, 91, 93, 99 (status reports detailing Petitioner's efforts to obtain records from D.J.W.'s additional developmental evaluations.). Petitioner filed the relevant records in September of 2019. *See* Pet'r's Exs. 86–87, ECF Nos. 95-1, 97-1. In light of the results of D.J.W.'s evaluations, the parties are currently conducting legal briefing on whether Petitioner's claim can proceed. *See* Sched. Order at 1, ECF No. 100.

Petitioner filed the present motion for interim attorneys' fees and costs on July 12, 2019. *See* Pet'r's Mot. for IAFC. Respondent filed his response on July 19, 2019. Resp't's Resp., ECF No. 90. Petitioner did not file a reply. *See* docket.

This matter is now ripe for consideration

**II.     Availability of Interim Attorneys' Fees and Costs**

    **A.  Good Faith and Reasonable Basis**

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1) (2012). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis. *See* Resp't's Resp. at 2. Rather, Respondent

indicated that he was "leav[ing] it to the Special Master to determine whether the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* After reviewing Petitioner's evidence filed to date, I find that Petitioner has met the statutory criteria for an award of attorneys' fees and costs.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim . . .." *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Human Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Human Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). Petitioner's case has been pending for almost five years. After the entitlement hearing in October of 2018, the parties agreed that D.J.W. should undergo further medical testing, which took over a year to conduct and for Petitioner to file the requisite records with the Court. *See* Pet'r's Ex. 87, ECF No. 97-1; *see also* ECF Nos. 82, 86–87, 91, 93, 99. The parties are now engaged in legal briefing regarding the viability Petitioner's claim. *See* Sched. Order at 1, ECF No. 100. A decision may not be issued in this case for another year or longer.

Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioner has submitted numerous exhibits, including two expert reports, in support of her petition, as well as appearing at a two-day entitlement hearing. *See generally* Pet'r's Exs. 1–87; Min. Entry, docketed Oct. 9, 2018. Petitioner's counsel has requested almost $40,000 in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings, the fact that the ultimate resolution of this case may not occur for a significant period, and the accumulation of fees and costs, I find an award of interim attorneys' fees and costs reasonable and appropriate in this case.

### III. Reasonable Attorneys' Fees

Only reasonable attorneys' fees may be awarded, and it is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). In making a determination, applications

3

for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

The Federal Circuit has approved the lodestar formula to determine reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step approach. *Id*. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

### A. Reasonable Rates

Forum rates are used in the lodestar formula, except when the rates in an attorney's local area are significantly lower than forum rates. *Id.* at 1348–49. In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *18-19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and experience in the Vaccine Program, as well as the quality of the work performed. *Id*. at *17. The *McCulloch* rates have been updated for subsequent years and are accessible on the court's website at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

#### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the attorneys and paralegals who have worked on this matter to date:

**Attorneys**:

- Elizabeth Muldowney:
    - 2014 - $321.00
    - 2015 - $333.00
    - 2016 - $345.00
    - 2017 - $353.00
- Ramon Rodriguez III:
    - 2014 - $348.00

**Paralegals**:

- Lisa Robertson:
    - 2014 - $131.00
    - 2015 - $135.00
    - 2016 - $140.00
- Kristy Smith:

- - o   2016 - $140.00
- Emily McGurl:
  - o   2017: $145.00

The Court has previously held that Ms. Muldowney and the Rawls Law Group are entitled to forum rates and the rates requested by Petitioner. *See, e.g.*, *Derkach v. Sec'y of Health and Human Servs.*, No. 17-1648V, 2019 WL 5095781, at *3 (Fed. Cl. Spec. Mstr. Sept. 16, 2019); *Jones v. Sec'y of Health and human Servs.*, No. 15-774V, 2017 WL 7691908, at *1–3 (Fed. Cl. Spec. Mstr. Oct. 10, 2017). I find that the requested rates are reasonable and in line with *McCulloch*. Accordingly, no adjustment to the requested rates is required.

### B. Hours Expended

The second step in *Avera* is for the court to make an upward or downward modification based upon specific findings. *Avera*, 515 F.3d at 1348. As outlined below, I have determined that a reduction in the number of hours requested is appropriate.

While clerical and other administrative work is necessary in every case, billing separately for such work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (tasks that were "primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fees rates"). Clerical and administrative work includes tasks such as making travel arrangements, setting up meetings, and reviewing invoices. *See Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). It also includes organizing exhibits, preparing compact discs, and filing records. *Floyd v. Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); *Hoskins v. Sec'y of Health & Human Servs.*, No. 15-071V, 2017 WL 3379270, at *3 (Fed. Cl. Spec. Mstr. July 12, 2017); *Kerridge v. Sec'y of Health & Human Servs.*, No. 15-852V, 2017 WL 4020523, at *3 (Fed. Cl. Spec. Mstr. July 28, 2017). It is the nature of the tasks performed, not a person's professional title, which determines whether the work is legal, paralegal, or clerical in nature. *Doe 11 v. Sec'y of Health & Human Servs.*, No. XX–XXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins,* 491 U.S. 274, 288 (1989)).

The paralegal billing entries contain numerous clerical tasks that are not compensable in the Vaccine Program. For example, on November 4, 2014, Ms. Robertson billed 2.4 hours for "[s]eparat[ing] and organiz[ing] records . . . ." Pet'r's Mot. for IAFC, Attach. 1 at 3, ECF No. 88-1. Ms. Robertson also billed 1.1 hours on November 18, 2014, for "[s]eparat[ing] and [o]rganiz[ing] records into specific facilities." *Id.* at 4. In addition, Ms. Robertson billed .5 hours on April 17, 2015, for "[f]ormatt[ing] records as exhibits." *Id.* at 10. There are at least ten billing entries for similar tasks. The firm paralegals also routinely billed to review ECF and USCFC notifications. *See id.* (.1-hour entry on 4/17/2015 for "[a]ttention to incoming USCFC notification"); *id.* at 18 (.1-hour entry on 2/26/2016 for "[a]ttention to incoming USCFC notification"). There are at least forty-seven entries for this task. Based on these findings, I will reduce the total time billed by the paralegals by 30%. This results in a total reduction of **$3,276.06**.

5

### C. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner requests $2,181.59 in costs. Pet'r's Mot. for IAFC, Attach. 2 at 2, ECF No. 88-2. This request includes costs for obtaining medical records, paying the Court filing fee, Petitioner's expert's initial retainer fee, and postage costs. *See generally id.* at 3–24. I find these costs reasonable and award them in full.

### IV. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I award Ms. Muldowney **$33,796.64** in interim attorneys' fees and **$2,181.59** in interim costs for her work on this case while employed by the Rawls Law Group. Accordingly, I award the total of **$35,978.23** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Elizabeth Muldowney.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[3]

**IT IS SO ORDERED.**

s/ Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.