# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 18, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| SHANELLE MATTUS-LANG, *as* | * | |
| *parent and legal representative* | * | UNPUBLISHED |
| *of her minor son,* D.J.W., | * | |
| | * | |
| Petitioner, | * | No. 15-113V |
| | * | Special Master Sanders |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Elizabeth M. Mulowney*, Sands Anderson, PC, Richmond, VA, for Petitioner.
*Camille M. Collett*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 4, 2015, Shanelle Mattus-Lang ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that a diphtheria tetanus toxoids and acellular pertussis adsorbed and inactivated poliovirus vaccine ("DTaP-IPV") administered on February 6, 2012, caused her minor child, D.J.W., to suffer from "a seizure disorder with cognitive and developmental delays." Pet. at 6, (ECF No. 1). On August 31, 2022, the undersigned issued her decision finding petitioner is not entitled to compensation and dismissing the case. (ECF No. 137).

On April 5, 2023, Petitioner filed an application for final attorneys' fees and costs. (ECF No. 141). ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$171,298.11, representing $118,260.70 in attorneys' fees and $53,037.41 in attorneys' costs. Fees App. at 10. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs related to her petition. Fees App. Ex. 1. Respondent responded to the motion on April 19, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2. (ECF No. 143). Petitioner filed a reply on April 20, 2023, requesting the fees and costs be awarded in full. Reply at 3. (ECF No. 144).

This matter is now ripe for consideration.

## I.    Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was ultimately dismissed, the undersigned is satisfied that good faith and reasonable basis have bene met in this case, and Respondent has indicated that he is also satisfied. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.  Reasonable Hourly Rates

Petitioner requests the following rates of compensation for her attorneys: for Ms. Elizabeth Muldowney, $353.00 per hour for work performed in 2017, $363.00 per hour for work performed in 2018, $372.00 per hour for work performed in 2019, $388.00 per hour for work performed in 2020, $408.00 per hour for work performed in 2021, $421.00 per hour for work performed in 2022 and $450.00 per hour for work performed in 2023; and for Mr. Ramon Rodriquez, the rate of $394.00 per hour for work performed in 2018 and $405.00 per hour for work performed in 2019.

These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable, with one exception regarding time billed on travel. Ms. Muldowney billed her full rate for a total of 24 hours of travel from Virginia to San Francisco, California to appear at the entitlement hearing.

In the Vaccine Program, special masters traditionally have compensated for time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).

"Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.* Ms. Muldowney's travel charges consist of 12 hour of time billed on October 1, 2018, described as "travel time from va to ca" and an additional 12 hours of time billed on October 8, 2018, described as "travel time from ca to va". Fees App. at 6. This travel time was billed at her full hourly rate of $363 per hour for 2018.

Petitioner will be awarded fees for travel at a reduction of 50% of the attorney's billed rate. This brings Ms. Muldowney's time for travel to $181.50 per hour for travel time in 2018, reducing the request for attorney fees by $4,356.00. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $113,904.70.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $53,037.41 in attorneys' costs. Fees App. Ex. 3 at 14 - 15. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by medical expert, Yuval Shafrir, M.D., including preparing reports and testimony given. Petitioner has provided adequate documentation supporting all of her requested costs and Respondent also has not

identified any particular costs as objectionable. Petitioner is therefore awarded the full amount of costs sought.

## II.  Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $118,260.00 |
| (Reduction to Fees) | ($4,356.00) |
| **Total Attorneys' Fees Awarded** | **$113,904.00** |
| | |
| Attorneys' Costs Requested | $53,037.41 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$53,037.41** |
| | |
| **Total Amount Awarded** | **$166,941.41** |

**Accordingly, the undersigned awards a lump sum in the amount of $166,941.41, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Ms. Elizabeth Muldowney.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/ Herbrina D. Sanders</u><br>
Herbrina D. Sanders<br>
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).